IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NORMA-GAYLE SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-08-406-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **DECISION AND ORDER** |
| LEHMAN BROS BANK, FSB and | ) | |
| AURORA LOAN SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can be Granted and Alternatively for a More Definite Statement (Docket No. 7) and Defendants' Motion to Strike Plaintiff's November 14, 2008 Filings (Docket No. 19). The Court has determined that oral argument will not significantly aid the decisional process. Therefore, the Court will address the motions without a hearing.

As explained in further detail below, the Court grants Defendants' Motion to Dismiss because Plaintiff cannot state a claim upon which relief can be granted. Because of this ruling, Defendants' Alternative Motion for a More Definite Statement and Motion to Strike are deemed moot and will not be addressed.

**Memorandum Decision and Order - Page 1**

## BACKGROUND

This dispute arises from a mortgage loan transaction entered into between Defendant Lehman Brothers Bank, FSB ("Lehman") and Plaintiff Norma-Gayle Shaw. Plaintiff is the borrower and Lehman is the original lender under the loan. Docket No. 13 Ex. B. Defendant Aurora Loan Services, LLC ("Aurora") is the current servicer of this loan. *Id.* Plaintiff obtained the loan in order to purchase her residence. *See* Compl. ¶ 6. As noted in the Motion to Dismiss, Plaintiff's loan is evidenced by a Promissory Note in the original principal amount of $167,600.00 secured by a Deed of Trust on the Plaintiff's residence, which is situated in Twin Falls, Idaho. Docket No. 13 Exs. A, B.

After purchasing the property, Plaintiff defaulted on the loan payments. Plaintiff alleges that she attempted to rescind the loan agreement in October of 2007 and July of 2008, but Defendants rejected her attempts to rescind. In about April of 2008, Aurora referred the loan for commencement of non-judicial foreclosure proceedings based on Plaintiff's default. Thereafter, a Notice of Trustee's Sale was recorded on July 9, 2008, scheduling the foreclosure sale of Plaintiff's residence on September 9, 2008. Then, on August 13, 2008, Plaintiff filed the complaint in this action seeking to quiet title in her name.

Subsequently, Defendants filed the Motion to Dismiss which is now before

**Memorandum Decision and Order - Page 2**

the Court. Plaintiff then filed a declaration of service with the court that included a number of documents, none of which appeared to be a response to Defendants' Motion to Dismiss. Defendants thereafter filed a Motion to Strike Plaintiff's filings.

## ANALYSIS

### I.  Motion to Dismiss

#### A.  Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Factual allegations must be enough "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). The Supreme Court explained that:

> [a]sking for plausible grounds to infer [a claim] does not impose a

**Memorandum Decision and Order - Page 3**

> probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

*Id.* (footnote and quotation omitted). As the Ninth Circuit recently stated, "[t]o avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008), *as amended*, (quoting *Twombly*, 127 S.Ct. at 1974).

A dismissal based on a failure to state a claim should not be granted "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (1994). Further, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it

**Memorandum Decision and Order - Page 4**

determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he is entitled to offer evidence to support the claims. *See Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**B.    Discussion**

The Court will dismiss Plaintiff's complaint because it is completely lacking in any factual detail as to what conduct, on the part of the Defendant constitutes such misconduct as to justify the relief sought. Rather, it merely recites labels and conclusions. Additionally, a mortgage for a primary residence is not subject to the

**Memorandum Decision and Order - Page 5**

statutory provisions Plaintiff relies on to bring this claim.  Finally, Plaintiff's state law adverse possession claims do not apply because she owns the property and cannot adversely possess the property against herself.  This dismissal is with prejudice because, based on the latter two grounds for dismissal, the complaint cannot be saved by any amendment.

### 1.    Failure to Meet Requirements of FRCP 8

As stated above, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The plaintiff must give enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).  Therefore, the complaint must set forth "more than labels and conclusions."  *Id.* at 1965.  It must set forth more in order to give the defendant an opportunity to respond to the allegations and to fashion meaningful discovery requests.  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

In this case Plaintiff alleges very few facts, if any, concerning Defendants' offensive conduct.  Plaintiff claims she was "led into a contract by guile, trickery, fraud, and deceit" but never gives factual background on what actions of Defendants constituted such a conclusion.  The complaint is replete with these

**Memorandum Decision and Order - Page 6**

conclusory statements that are never supported by factual allegations.  As noted by Defendants, the only facts alleged in the Complaint are: (1) in 2006 Plaintiff admittedly entered into a real property transaction with Lehman (*Id*. ¶ 7), (2) on October 9, 2007, Plaintiff attempted to rescind the loan transaction (*Id*. ¶ 8), (3) On July 25, 2008, Plaintiff sent Aurora a document purporting to close the account, (*Id*. Exs.), and (4) Defendants took no action regarding Plaintiff's attempts to rescind the loan and close the account (*Id*. ¶ 8, 11).  None of these alleged facts would put Defendants on notice of any wrongdoing.

Without knowing what alleged conduct Plaintiff finds fault with, Defendants cannot conduct meaningful discovery requests or respond to the allegations. Therefore, Defendants' assertion that the Complaint does not meet the basic requirements of Rule 8 is well taken and the Court could dismiss on this ground alone.  However, such a dismissal would be without prejudice.  Because the Court finds Plaintiff has no meritorious claim against Defendants regardless of what facts Plaintiff would subsequently plead, the Court addresses Defendants' failure to state a claim arguments and dismisses on those grounds with prejudice.

### 2. Failure to State a Claim

Even if the Complaint complied with Rule 8, it is still subject to dismissal for failure to state a claim.  Although it is difficult to discern exactly what Plaintiff

**Memorandum Decision and Order - Page 7**

is claiming, it appears Plaintiff is claiming adverse possession under color of title and a violation of the federal Truth in Lending Act (TILA) that allows Plaintiff to rescind on the loan.

### a.   Adverse Possession

In an adverse possession case, color of title is that which appears to be good title, but which is not actually good title.  *Little v. Crawford*, 88 P. 974, 975 (Idaho 1907).  In this case, Plaintiff received fee title interest in the property through a warranty deed in October 19, 2006 and no party has claimed the title is not good title.  *See* Docket 13 Ex. C.  Thus, as Plaintiff has good title to the property, Plaintiff is the record owner and cannot adversely possess the property against herself.  Therefore, Plaintiff has no claim under her adverse possession argument.

### b.   Truth in Lending Claim

As to Plaintiff's TILA claim, it appears as though she is arguing that she had a right to rescind the loan agreement under TILA and therefore Defendants no longer have an interest in the property and she seeks the court to declare as much through a quiet title action.  Although TILA allows consumers to rescind certain transactions, residential mortgage transactions are not one of them.  15 U.S.C. § 1635(e)(1).  A residential mortgage transaction is defined as "a transaction in which a mortgage [or] deed of trust . . . is created or retained against the

**Memorandum Decision and Order - Page 8**

consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). Therefore, in a standard mortgage transaction, the TILA rescission provision does not apply.

It is unclear whether Plaintiff is asserting a damages claim under TILA. Plaintiff seems to be asking for a simple declaratory judgment. Nevertheless, TILA does not exclude residential mortgage transactions from its damages provisions. However, the statute of limitations for such damages is one year from the occurrence of the violation. 15 U.S.C. § 1640(e).

Plaintiff and Defendants' loan transaction was a standard mortgage transaction wherein Defendants lent Plaintiff the money to buy a home and Plaintiff granted Defendants a security interest in that home. The nature of this transaction is consistent with the definition of a residential mortgage transaction in section 1602(w), which is precluded from the rescission section of TILA. Therefore, no right to rescind arose for this mortgage transaction and Plaintiff cannot have legally rescinded her loan pursuant to TILA. Thus, Plaintiff has no claim under her TILA rescission argument.

Plaintiff also would not have a damages claim against Defendants because such a claim would be barred by the applicable one-year statute of limitations. The "occurrence of the violation" is presumably the date the loan was finalized which

**Memorandum Decision and Order - Page 9**

was October 16, 2006.  Therefore, Plaintiff's August 13, 2008 filing was over two years later and well beyond the applicable statute of limitations.  Thus, Plaintiff has no claim under any TILA damages argument.

Any subsequent complaint claiming adverse possession or TILA would fail as a matter of law because Plaintiff cannot adversely possess her own property, TILA rescission rights do not apply to this type of transaction, and the statute of limitations has passed on TILA damages claims.  Therefore, the Court finds that any attempt at amendment would only be futile and dismisses with prejudice.

## II. Motion for a More Definite Statement

Because of the Court's order granting dismissal, Defendants' Motion for a More Definite Statement is deemed moot and the Court will not address it.

## III. Motion to Strike

Although unclear, it appears Plaintiff's November 14, 2008 filings were not a response to Defendants' Motion to Dismiss.  The filings allege nonsensical arguments, such as the argument that neither this Court, nor the state court where this action was originally filed, have jurisdiction over Plaintiff even though Plaintiff is the party who filed this action in the first place.  Thus, though the Court cannot discern what exact bearing these filings were intended to have in this case, it appears that none of the arguments address the Defendants' Motion to Dismiss.

**Memorandum Decision and Order - Page 10**

Therefore, as these filings were not a response and because of the Court's order granting dismissal, Defendants' Motion to Strike is deemed moot and the Court will not address it.

## CONCLUSION

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can be Granted and Alternatively for a More Definite Statement (Docket No. 7) shall be, and the same is hereby, GRANTED in part and DEEMED MOOT in part. Accordingly, this action is dismissed.

IT IS FURTHER ORDERED that, given the Court's ruling on Defendants' Motion to Dismiss, Defendants' Motion to Strike Plaintiff's November 14, 2008 Filings (Docket No. 19) shall be, and the same is hereby, DEEMED MOOT.

DATED: **March 20, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - Page 11**